**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT M. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER STANISLAW | ) | |
| SMALEC, STAR #16512; CHICAGO POLICE | ) | |
| OFFICER KRISTOPHER SCHULTZ, STAR | ) | |
| #12531; CHICAGO POLICE OFFICER ADAM F. | ) | |
| FRANSON, STAR #14405;CHICAGO POLICE | ) | |
| OFFICER JEREMIAH PENTEK, STAR #16474; | ) | |
| CHICAGO POLICE SGT. STEVE J. JAROSZ, | ) | |
| STAR #1482 and THE CITY OF CHICAGO, a | ) | |
| Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES, the PLAINTIFF, ROBERT M. RUSSELL, by and through his attorneys,

MICHAEL D. ROBBINS, MICHAEL D. ROBBINS and ASSOCIATES; and JEFFREY J.

NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the

DEFENDANTS, CHICAGO POLICE OFFICERS STANISLAW SMALEC, STAR #16512;

KRISTOPHER SCHULTZ, STAR #12531, ADAM F. FRANSON, STAR #14405; JEREMIAH

PENTEK, STAR #16474; SGT. STEVEN J. JAROSZ, STAR #1482 and THE CITY OF

CHICAGO, states as follows:

**INTRODUCTION**

1.      This is an action for civil damages brought under Illinois State law and 42 U.S.C.

Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction

pursuant to 28 U.S.C. Sec. 1331 and 1343.

1

2.     Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.     PLAINTIFF, ROBERT M. RUSSELL is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4.     DEFENDANTS, CHICAGO POLICE OFFICERS STANISLAW SMALEC, STAR #16512; KRISTOPHER SCHULTZ, STAR #12531; ADAM F. FRANSON, STAR #14405; JEREMIAH PENTEK, STAR #16474 and SGT. STEVEN J. JAROSZ, STAR #1482 were at all times material hereto duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials, who were on duty and acting under color of law.

5.     The DEFENDANT, City of Chicago (hereinafter the "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6.     On March 4, 2018, at approximately 11:35 p.m., PLAINTIFF, who was working as an Uber driver, had three (3) passengers in his vehicle as he drove eastbound on 83rd Street in Chicago.

7.     On March 4, 2018, the DEFENDANT OFFICERS SMALEC and SCHULTZ initiated a traffic stop of the PLAINTIFF's vehicle in the vicinity of 325 East 83rd Street in Chicago.

8.     At the time of the traffic stop, the PLAINTIFF had a valid Indiana driver's license which was in his possession and the vehicle he was operating was registered in the PLAINTIFF's name. Additionally, a policy of insurance covering the vehicle was in effect.

2

9.     When the DEFENDANT OFFICERS approached the PLAINTIFF'S car, they asked the PLAINTIFF to produce his driver's license.  As the PLAINTIFF was looking for his license, he asked the DEFENDANT OFFICERS why he had been stopped.

10.     When the PLAINTIFF asked the reason for the stop, the DEFENDANT OFFICERS became annoyed and impatient and ordered the PLAINTIFF out of his vehicle.

11.     The DEFENDANT OFFICER told PLAINTIFF they pulled him over because he had a tinted cover over his license plate.

12.     After PLAINTIFF exited his vehicle, the DEFENDANT OFFICERS prevented the PLAINTIFF from re-entering his vehicle to retrieve and produce his license and registration and summarily ordered his three Uber passengers to exit the vehicle and to leave the scene.

13.     As PLAINTIFF verbally complained about the way he was being treated by the DEFENDANT OFFICERS, the DEFENDANT OFFICERS falsely accused the PLAINTIFF of alternatively smelling of alcohol and smelling of marijuana.

14.     The DEFENDANT OFFICERS also falsely accused the PLAINTIFF of being intoxicated.

15.     In fact, the PLAINTIFF had not used any alcohol or marijuana and was not intoxicated or impaired, nor was there any basis whatsoever for the DEFENDANT OFFICERS to accuse the PLAINTIFF of being impaired.

16.     DEFENDANT OFFICERS arrested PLAINTIFF for driving under the influence, despite the fact there was no reason to believe he was impaired.

17.     DEFENDANT OFFICERS called DEFENDANT SGT. STEVE J. JAROSZ to the scene.  PLAINTIFF repeatedly requested to take a blood or urine test to prove he had no alcohol or drugs in his system.

18. DEFENDANT SGT. JAROSZ transported the PLAINTIFF to the 006 District Chicago Police Station for driving under the influence.

19. While at the 006th District Chicago Police Station lockup, PLAINTIFF requested he be taken to the hospital.

20. PLAINTIFF was taken to St. Bernard Hospital where he underwent blood and urine tests and a D.U.I. kit which came back negative for the presence of alcohol or illegal drugs in his system.

21. The DEFENDANT OFFICERS picked up the D.U.I. kit from the hospital. Despite the absence of any basis to believe the PLAINTIFF was impaired, and despite the negative drug and alcohol screens which confirmed the PLAINTIFF was *not* under the influence, the DEFENDANTS conspired to, and did charge the PLAINTIFF with driving under the influence. In furtherance of this conspiracy, the DEFENDANT OFFICERS wrote false police reports, false criminal complaints and provided false information to prosecutors.

22. The PLAINTIFF was deprived of his liberty as a result of the DEFENDANT OFFICERS' misconduct outlined above.

23. All criminal charges initiated by the DEFENDANTS were dismissed by the Cook County State's Attorneys' Office on February 5, 2019.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

24. PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

25. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

4

27.     As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Fourth Amendment Claim for Deprivation of Liberty

28.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

29.     As a result of evidence fabricated by the DEFENDANTS, the PLAINTIFF was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

30.     But for the misconduct of the DEFENDANTS outlined above, the PLAINTIFF would not have suffered a deprivation of his liberty.

31.     The misconduct of DEFENDANTS outlined above proximately caused injury to the PLAINTIFF, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Malicious Prosecution
(All Defendants)

32.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

33.     PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury to the PLAINTIFF, and all such proceedings were terminated in PLAINTIFF's favor in a manner indicative of innocence.

34.     The DEFENDANTS accused the PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports, and other statements with the intent of and for the purpose of exerting influence on prosecutors to institute and continue judicial proceedings.

35.     The misconduct described in this Count was undertaken with malice, willfulness,

5

reckless indifference to the rights of the PLAINTIFF.

36.     As a result of the above-described wrongful infringement of PLAINTIFF's rights, the PLAINTIFF has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

**COUNT IV**
**First Amendment Retaliation**

37.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

38.     The First Amendment to the United States Constitution guarantees PLAINTIFF's rights to speak out on matters of public concern without fear of unjust retaliation by those acting under color of law.

39.     As described above, PLAINTIFF questioned why the DEFENDANT OFFICERS had pulled him over.

40.     As a result of his exercise of protected speech the DEFENDANT OFFICERS retaliated against PLAINTIFF in the manner described above by falsely charging him with criminal offenses in violation of his constitutional right.

**COUNT V**
**Supervisory Liability, Defendant Sgt. Steve J. Jarosz**

41.     PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

42.     As described above, DEFENDANT SGT. JAROSZ, was present at the location when the DEFENDANT OFFICERS falsely accused the PLAINTIFF of being under the influence and arrested the PLAINTIFF without probable cause.

43.     DEFENDANT SGT. JAROSZ was a sergeant on the Chicago Police Department, and as such, it was his responsibility to supervise the conduct of the other officers who falsely accused the PLAINTIFF of being under the influence, arrested the PLAINTIFF without probable

cause, and then fabricated police reports and charging documents in support of the false charges.

44. Rather than properly supervising the DEFENDANTS SMALEC, SCHULTZ, FRANSON & PENTEK, DEFENDANT SGT. JAROSZ condoned their unlawful behavior and approved of the illegal arrest and charging of the PLAINTIFF.

45. As a direct and proximate result of DEFENDANT SGT. JAROSZ's failure to supervise the other DEFENDANT OFFICERS, PLAINTIFF was arrested, charged and detained in the complete absence of any probable cause, and he suffered damages, including, but not limited to, emotional pain and suffering.

## COUNT VI
### Indemnification

46. PLAINTIFF re-alleges and incorporates paragraphs 1-23 as fully stated herein.

47. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for misconduct committed within the scope of their employment activities. 735 ILCS 10/9-102.

48. The DEFENDANT OFFICERS were on duty and acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

49. PLAINTIFF, ROBERT M. RUSSELL, respectfully requests that the Court:

   a. Enter a judgment in his favor and against all Defendants;

   b. Award compensatory damages against all Defendants;

   c. Award reasonable attorney's fees against all Defendants;

   d. Award punitive damages against all individual Defendants; and

   e. Grant any other relief this Court deems just and appropriate.

**JURY DEMAND**

PLAINTIFF, ROBERT M. RUSSELL, demands a trial by jury under the Federal Rule of

Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,


/s/ Michael D. Robbins
MICHAEL D. ROBBINS
One of the Attorneys for Plaintiff

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 899-800

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100